941 F.2d 1208
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lewis MOORE, Defendant-Appellant.
 No. 91-5264.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 17, 1991.
Decided Aug. 22, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Frank W. Bullock, Jr., District Judge. (CR-90-225-WS)
 Donald K. Tisdale, Sr., Cofer, Mitchell & Tisdale, David F. Tamer, Winston-Salem, N.C., for appellant.
 Robert H. Edmunds, United States Attorney, Paul A. Weinman, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before WIDENER, K.K. HALL and MURNAGHAN, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Lewis Moore appeals the district court's order denying his motion to suppress evidence.* Based on our review of the parties' briefs and the record, we affirm.
 
 
 2
 Moore was questioned by the police pursuant to a routine drug interdiction effort while he was a passenger on a Greyhound bus. The questioning and search of his bag led to the discovery of cocaine base and ultimately to a conviction and sentence for possession with intent to distribute 27.06 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). At the suppression hearing and again in this appeal, Moore argued that the limited confines of a bus render any police questioning of bus passengers a per se seizure within the meaning of the fourth amendment. Moore also asserted that the specific circumstances of his case constituted a seizure, notwithstanding his apparent consent to the questioning and search.
 
 
 3
 The Supreme Court's recent decision in Florida v. Bostick, 59 U.S.L.W. 4708 (U.S.1991), renders untenable any attempt to advance a per se rule applicable to bus passengers. The Bostick Court reasoned that the type of message conveyed by the manner in which the questioning of bus passengers is conducted, rather than the place in which the questioning occurs, is determinative. Id.
 
 
 4
 Moore's attempt to challenge the manner in which questioning was conducted in this particular case similarly lacks legal support. In United States v. Flowers, 912 F.2d 707 (4th Cir.1990), we held on facts very similar to the present case that a bus passenger was not seized when police officers questioned him and searched his bag pursuant to his consent, because the manner in which the police conducted themselves was not threatening. This case demands a similar result. As in Flowers, the officers who questioned Moore spoke in a conversational tone and did not block the aisle. Up to the point where they saw a plastic bag containing a white substance inside Moore's bag, they had no physical contact with him and made no attempt to restrain him. Hence, the district court's finding that Moore was not seized was not clearly erroneous. See United States v. Gray, 883 F.2d 320, 322 (4th Cir.1989).
 
 
 5
 We affirm the district court's denial of Moore's motion to suppress the evidence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Moore entered a plea of guilty but reserved his right to appeal this issue. See Fed.R.Crim.P. 11(a)(2)